IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                                      Chapter 11

BRENTWOOD OKEECHOBEE, LLC.                    CASE NO.: 10-34278-BKC-PGH

     Debtor.
_____/

**SECURED CREDITOR, COMMUNITY SOUTH BANK'S, RESPONSE/OBJECTION TO DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 AND MOTION TO PROHIBIT USE OF CASH COLLATERAL OR TO PROVIDE ADEQUATE PROTECTION**

     Community South Bank ("CSB" or "Bank"), through undersigned counsel and pursuant to 11 U.S.C. §363 and L.R. 9013-1 S.D. Fla., hereby files this response/objection to the Debtor in Possession's Emergency Motion for Authority to use Cash Collateral Pursuant to 11 U.S.C. §363 and Motion to Prohibit use of cash collateral or to Provide Adequate Protection ("Motion"), and states as follows:

**I. Overview**

     1.     On or about November 12, 2009, CSB filed a foreclosure and collections lawsuit in state court to enforce its secured interests with respect to a business loan to the Debtor, following the debtor's/borrower's failure to make payment after July of 2009. Less than ½ day prior to the scheduled August 18, 2010 foreclosure sale (and over 2 months after issuance of the summary final judgment of foreclosure i/a/o $2,376,537.24 issued in June of 2010 and annexed hereto as Exhibit "E" and providing for an extended sale date in an effort to accommodate the Debtor/borrower), the Debtor filed this single asset bankruptcy proceeding. The Complaint included, *inter alia*, counts to foreclose upon and obtain other relief as to the bank's mortgage,

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

1

CASE NO.: 10-34278-BKC-PGH

assignment of rents and security agreement.

2.Specifically, CSB is the holder of a Promissory Note in the original principal amount of $2,231,500.00 ("Note") and a Loan Agreement ("Loan Agreement") in connection therewith.  True and correct copy of the Note and the Loan Agreement are attached hereto as composite Exhibit "A" and incorporated herein fully by reference.

3.To secure payment of the loan, the debtor/borrower, Brentwood Okeechobee ("Brentwood" or "Debtor"), also executed and delivered to CSB, a Mortgage dated December 28, 2007 ("Mortgage") and separate Assignment of Rents dated December 28, 2007 ("Assignment of Rents"). The Mortgage was recorded in Official Records Book 00645, Page 1773 of the Public Records of Okeechobee County, Florida, and mortgaged the property described in the Mortgage as owned by and in possession of the mortgagor.  The Assignment of Rents was recorded in Official Records Book 00645, at Page 1783 of the Public Records of Okeechobee County, Florida.  True and correct copies of the Mortgage and the Assignment of Rents is attached hereto as Exhibit "B" and incorporated fully herein by reference.

4.As additional security for the amounts advanced pursuant to the Note, on or about December 28, 2007, Brentwood executed in Palm Beach County, Florida a Commercial Security Agreement ("Security Agreement").  A true and correct copy of the Security Agreement, is attached hereto as Exhibit "C" and incorporated fully herein by reference.

5.The Security Agreement grants to CSB security interests in the personal property (including accounts) and additional collateral as further described therein (which descriptions are

– 2 –

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 10-34278-BKC-PGH

specifically incorporated herein by this reference)(collectively, the "Collateral").  A UCC Financing Statement has been filed with respect to the Collateral referred to and described in the Security Agreement.  A true and correct copy of the filed UCC Financing Statement is attached hereto as Exhibit "D" and incorporated fully herein by reference.

6. Pursuant to the Security Agreement, loan documents and UCC financing statement, CSB holds a duly perfected interest, in among other things, the Debtor's receivables and cash collateral.

7. On June 10, 2010, the court in the state court proceeding entered a Summary Final Judgment in favor of CSB and against Debtor (the "Final Judgment").  A true and correct copy of the final judgment is attached hereto as Exhibit "E" and incorporated fully herein by reference.

8. Pursuant to the Final Judgment, the Debtor owes CSB $2,376,537 (the "Judgment Amount") in addition to accrued interest through the sale date, as well as attorneys' fees and costs.  *See* Exhibit "E."

9. Additionally, pursuant to the terms of the Final Judgment, a foreclosure sale was scheduled for August 18, 2010, at 11:00 a.m. *See* Exhibit "E."

10. Mid-day on August 17, 2010 (the "Petition Date"), less than one (1) business day prior to the foreclosure sale, the Debtor filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. As of the Petition Date, CSB is owed the Judgment Amount, additional fees pursuant to a separate (subsequent) order awarding attorneys' fees, as well as post-judgment

– 3 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 10-34278-BKC-PGH

interest, and additional fees and costs[1].

11.     CSB has not received any payments from Debtor, pursuant to the Loan Documents since July of 2009, although the Debtor has derived substantial income from the use of CSB's cash collateral, pledged business assets, and property subject to CSB's first mortgage lien and security interest.

12.     The Debtor has not filed its Schedule "A" to date.  However, on Schedule "D", the Debtor lists CSB's security interest in the real property located at 2200 U.S. Highway 441 SE, Okeechobee (the "Property") and claim of about $2.2 million dollars (which is over $176,000. less than the foreclosure judgment amount) and values the property at $2.3 Million dollars, subject to about $100,000 in unpaid real property taxes for 2008 and 2009)[2]. *See* D.E. 1 at Page 9. Accordingly, based on the Debtor's schedule "D", the Property is of insufficient value to provide any equity cushion to protect CSB's interests.  Moreover, prior to the bankruptcy filing, the Debtor/borrower was attempting to pursue a potential short sale proposal (originally dated on or about February 1, 2010), with a proposal for CSB to receive $1,875,000.00 from the sales proceeds.  The Debtor has not filed any documents which value its personal property

---

[1] CSB reserves the right to amend, supplement and/or correct this amount should the need arise in order to claim a different amount is owed considering the interest rate(s), fees, and all other sums owing pursuant to the Loan Documents and/or the Final Judgement.

[2] Debtor's Schedule "D" values the Property at $2,300,000.00.  That same schedule, lists CSB as holding a first priority interest on the Property and unilaterally values CSB's interest at $2,199,474.00. Additionally, Schedule "D" also lists Florida First Capital Finance Corp.'s second mortgage interest in the Property valued at $1,599,000.00. Accordingly, based on the Debtor's Schedule "D," the property is valued at $2,300,000.00 and is encumbered by liens exceeding $3,798,000.00.

– 4 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 10-34278-BKC-PGH

(including CSB's interest in the Collateral).

13. However, despite the substantial income and profits derived from the use and operation of the property, and requirement for turnover of those amounts as required under the loan (and the undersigned firm's written demand for turnover of rents and income, as set forth at Exhibit "F" hereto), the Debtor/borrower failed to turn over those amounts or to pay real property taxes from and after 2008.

14. Debtor is now seeking permission to use the alleged monthly sum of $68,744.00 of CSB's cash collateral in order to "retain key personnel and otherwise maintain and protect its business" and claims that without such authorization it will "suffer irreparable harm" *See* D.E. 5 at P. 3.

15. <u>Debtor has failed to file a projection as to anticipated income and has failed to provide for adequate protection payments to secured creditor, CSB, despite seeking to use its cash collateral and pledged assets</u>. It is impossible to determine whether the use of any of these funds would serve to protect the value of the estate under these circumstances.

16. CSB believes that the Debtor's further use of CSB's pledged collateral will further deteriorate CSB's security interest.

17. The Debtor's income is derived solely from the operation of a hotel facility located on the subject Property. That income is CSB's collateral pursuant to the terms of the subject loan documents, including but not limited to the Mortgage and Security Agreement(s).

CASE NO.: 10-34278-BKC-PGH

18.     The monthly payment due and owing to Community South Bank under the Note is $17,400.00 (at a 7.99% present interest rate).

19.     Accordingly, the Debtor should be required to tender regular monthly payments of principal and interest in the present amount of $17,400.00[3] (i.e., applicable amounts prior to CSB's acceleration of this loan and filing of the State Court suit) as adequate protection for use of the cash collateral.  The Debtor is continuing to use the collateral (real property subject to Community South Bank's mortgage, receivables, cash, equipment, etc.) of Community South Bank to run its business operations and should be required to provide both adequate protection payments and replacement liens to Community South Bank during the time period that the cash collateral and real property of Community South Bank is permitted to be used by the Debtor.[4]

20.     Pursuant to the Bankruptcy Code, the Debtor is prohibited from using or disposing of cash collateral in which CSB has a properly perfected security interest unless CSB consents to such use of cash collateral or the Court, after notice and hearing, authorizes such use. *See* 11 U.S.C. § 363(c)(2).

---

[3] Interestingly, a review of the Debtor's "Projected Month Budget" attached to its Motion as Exhibit "A" reflects that after the requested payments are made, the Debtor only has $10,456.00 in net income, which in itself is insufficient to adequately protect CSB.

[4] Of course, CSB shall retain its liens on the collateral and is entitled to replacement liens.  Furthermore, notwithstanding any prospective order permitting use of cash collateral and/or providing adequate protection payments (and replacement liens) in favor of CSB, this creditor reserves all rights, remedies and objections with respects to its liens, claims, value determinations and all other matters pertaining to these bankruptcy proceedings (including, but not limited to all matters pertaining to cash and other collateral, and any prospective plans, and any requests for dismissal or conversion in this bankruptcy proceeding).

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 10-34278-BKC-PGH

21. Despite its intent to use over $68,000.00 of CSB's pledged Collateral, the Debtor's Motion does not provide for adequate protection payments to CSB.

22. To avoid injury, loss and damages (and considering the pre-filing circumstances pertaining to this Debtor), this Court should order adequate protection of Community South Bank's interests during the pendency of this bankruptcy proceeding.

WHEREFORE, on the basis of the foregoing, Community South Bank moves this Court to prohibit the Debtor's use of cash collateral for the reasons set forth above and/or to the extent that this Court authorizes the use of cash collateral (on an interim basis and/or otherwise), Community South Bank respectfully requests adequate protection payments, replacement liens, and such other and further relief deemed just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

/s/ Dora F. Kaufman, Esq.
DORA F. KAUFMAN, ESQ.
Florida Bar No. 771244
dfk@lgplaw.com
LAUDY LUNA
Florida Bar No. 44544
ll@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
44 West Flagler Street-25th Floor
Miami, Florida 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
*Attorneys for Creditor, Community South Bank.*

– 7 –

CASE NO.: 10-34278-BKC-PGH

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF and served via Notice of Electronic filing to those parties registered to receive electronic filings, and via U.S. Mail to all remaining parties on the attached Service List this 19th day of August, 2010, as specified below.

                                               Dora F. Kaufman, Esq
                                               DORA F. KAUFMAN

Brentwood Okeechobee, LLC.
2200 US Highway 441 SE
Okeechobee, Florida 34974
(Debtor)
(via U.S. mail)

Office of the United States Trustee
51 S.W. 1st Avenue
Miami, Florida 33130
(via CM/ECF)

Lenore M. Rosetto
2385 NW Executive Ctr Dr#300
Boca Raton, Florida 33431
(via CM/ECF)

Bradley S. Shraiberg
2385 NW Executive Ctr Dr#300
Boca Raton, Florida 33431
(via CM/ECF)

– 8 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400